**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**KENNETH WARREN FORD,**

**Plaintiff,**

**vs.** **Case No.: 3:24cv00570-LC-ZCB**

**CPT. CHRISTOPHER HUGHES, LT. CHRISTY WHEATON, AND MAJOR CHARLES RICHTER.**

**Defendants**

---

**DEFENDANTS MOTION TO STAY DISCOVERY AND SUPPORTING MEMORANDUM OF LAW**

COME NOW Defendants, Cpt. Christopher Hughes, Lt. Christy Wheaton, and Major Charles Richter (collectively "Defendants"), by and through undersigned counsel, and file their Motion to Stay Discovery and Supporting Memorandum of Law in the above-styled action as follows:

## I. Motion

### A. Nature of Plaintiff's Claims

1. Plaintiff, Kenneth Warren Ford, *pro se*, is a Florida state prisoner currently incarcerated at Blackwater Correctional Facility. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983") and in support of

his lawsuit attempts to allege that the Defendants were deliberately indifferent and failed to protect him in violation of the Eighth Amendment of the U.S. Constitution. The operative complaint, Plaintiff's First Amended Complaint (Doc. 5), alleges that the Defendants individually failed to protect him from an attack by his cell-mate on August 31, 2021. Plaintiff seeks compensatory, punitive, and nominal damages plus attorney's fees and costs.

2. Defendants are entitled to qualified immunity in this cause of action. A preliminary review of the Plaintiff's First Amended Complaint demonstrates that the Plaintiff has failed to state a claim upon which relief can be granted against these individual Defendants based upon the standards set forth in *Wade v. McDade,* 106 F.4th 1251 (11th Cir. 2024); *see also Wade v. McDade*, No. 21-14275, 2024 WL 5200546, at *6 (11th Cir. Dec. 23, 2024) (applying "subjective recklessness" standard to deliberate-indifference claim). [1]

3. A Case Management and Scheduling Order (Doc. 21) was entered on

---

[1] This issue will be fully briefed in more detail possibly along with other grounds for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants anticipate that other possible grounds for dismissal may include failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). However, obtaining a full and complete copy of the Plaintiff's grievance records and appeals has been partly delayed by Plaintiff's refusal to sign a consent form as set forth in the Defendant's Motion for Extension of Time to File a Response to Plaintiff's First Amended Complaint (Doc. 22) filed on April 17, 2025.

April 2, 2025. The due date of any requested discovery must be no later than July 2, 2025

4. Plaintiff served the Defendants with the following discovery requests: Plaintiff's First Request for Production of Documents dated April 9, 2025, Plaintiff's First Interrogatories and Request for Production of Documents dated April 8, 2025, and Plaintiff's First Request for Admissions dated April 8, 2025.

5. Defendants seek a stay of all discovery until at least the court rules on the Defendants' assertion of qualified immunity that will be fully briefed in their response to the First Amended Complaint.

6. Plaintiff is a Florida state prisoner and incarcerated at Blackwater Correctional Facility. Therefore, the attorney conference required under Local Rule 7.1(B) is not required.

## II.Memorandum of Law

### A. Defendants' Right to Qualified Immunity

The Eleventh Circuit Court of Appeals recently clarified the deliberate-indifference standard. *See Wade v. McDade*, 106 F.4th 1251 (11th Cir. 2024); *see also Wade v. McDade*, No. 21-14275, 2024 WL 5200546, at *6 (11th Cir. Dec. 23, 2024) (applying "subjective recklessness" standard to deliberate-indifference claim). A cursory review of the allegations set forth within the four corners of

Plaintiff's First Amended Complaint demonstrates that Plaintiff's claims will not survive a Rule 12(b)(6) motion to dismiss based upon the standards set forth in *Wade v. McDade*.

In *Sheets v. Charlotte Cnty.*, No. 2:24-cv-958, 2025 WL 1069271, at *3-4 (M.D. Fla. Apr. 9, 2025), the court recognized that a defendants assertion of qualified immunity often "calls for protection from discovery because subjecting officials to traditional discovery for acts where they are immune would undercut the protection immunity was meant to afford." *Id.*, at *3. (citing *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004).

**B. Discovery Should Be Stayed**

The defense of qualified immunity affords public officials broad protections from the rigors, intrusion, and expense associated with defending against unwarranted civil rights' actions. For instance, qualified immunity shields government officials from liability for damages arising from conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). Qualified immunity not only provides a defense to liability, but it also gives a public official immunity from suit itself. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985).

The defense of qualified immunity also extends to insulate public officials from the burdens associated with engaging in discovery. *Behrens v. Pelletier*, 516 U.S. 299, 308, 116 S.Ct. 834, 839 (1996); *see also Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 (1987) ("One of the purposes of the *Harlow* qualified immunity standard is to protect public officials from. . . discovery. . . ."). Until the threshold issue of qualified immunity has been resolved, discovery should not be allowed. *See Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738; *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793 (1991). Consequently, a court should stay discovery pending resolution of a public official's qualified immunity defense. *See Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 524 (11th Cir. 1994); *Hargrove v. Henderson*, 1996 U.S. Dist. LEXIS 12101 *5 (M.D. Fla. 1996); *see also Klein v. Courtwright*, No. 96-850-cv-20B (M.D. Fla. April 3, 1997) (order granting stay of discovery pending resolution of qualified immunity defense raised in motion to dismiss); *Rindley v. Gallagher*, 890 F. Supp. 1540, 1547 (S.D. Fla. 1995) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.") (quoting *Mitchell v. Forsyth*, 472 U.S. at 526) (emphasis in original).

### C. Defendants Will Be Prejudiced If Forced to Participate In Discovery

The Defendants will be prejudiced if discovery is not stayed pending the adjudication by the court of the qualified immunity issue. A fundamental protection afforded by qualified immunity is freedom from the rigors, inconvenience, and expense of discovery and other pretrial proceedings. *See Behrens*, 516 U.S. at 308, 116 S.Ct. at 839. Absent a stay of discovery, the Defendants will lose that protection. Because Plaintiff's claims arise under Section 1983, the Defendants' assertions of a qualified immunity defense could bring an end to this litigation against all of them. Thus, the Defendants should not be forced to undergo the rigors and inconvenience of multiple discovery requests, or for that matter the expense and time associated with responding to Plaintiff's many discovery requests, until the threshold issue of qualified immunity has been resolved.

## III. Conclusion

WHEREFORE, for the foregoing reasons, the Defendants respectfully request that this Court grant their Motion to Stay Discovery.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULES**

I certify that this Motion and Memorandum complies with the work count limitation set forth in the Local Rules. This Motion and Memorandum collectively contain 1, 297 words.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 18th, 2025 I electronically filed the foregoing document with the Clerk of Court utilizing the CM/ECF system. I further certify that I provided the foregoing document by first-class mail on April 18, 2025 to the following non-CM/ECF participant:

Kenneth Warren Ford
DC# 167315
Blackwater River Correctional Facility
5914 Jeff Ates Road
Milton, FL 32583-0000

BY: /s/ Pamela E. Langham
Pamela E. Langham, Esquire
Florida Bar No.: 0910767
PAMELA E. LANGHAM, P.A.
186 N. Palafox
Pensacola, FL 32502
1.850.341.1369
pam@langham.net

*Attorney for Defendants*