**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**KENNETH WARREN FORD,**

**Plaintiff,**

**vs.** **Case No.: 3:24cv00570-LC-ZCB**

**CPT. CHRISTOPHER HUGHES, LT. CHRISTY WHEATON, AND MAJOR CHARLES RICHTER.**

**Defendants**

---

**DEFENDANTS MOTION TO STAY DISCOVERY AND SUPPORTING MEMORANDUM OF LAW**

COME NOW Defendants, Cpt. Christopher Hughes, Lt. Christy Wheaton, and Major Charles Richter (collectively "Defendants"), by and through undersigned counsel, and file their Motion to Stay Discovery and Supporting Memorandum of Law in the above-styled action as follows:

## I. Motion

1. Plaintiff, Kenneth Warren Ford, *pro se*, is a Florida state prisoner currently incarcerated at Blackwater Correctional Facility. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983") and in support of his lawsuit attempts to allege that the Defendants were deliberately indifferent and

failed to protect him in violation of the Eighth Amendment of the U.S. Constitution. The operative complaint, Plaintiff's First Amended Complaint (Doc. 5), alleges that the Defendants individually failed to protect him from an attack by his cell-mate on August 31, 2021. Plaintiff seeks compensatory, punitive, and nominal damages plus attorney's fees and costs.

2. Defendants are entitled to qualified immunity in this cause of action. On April 29, 2025, the Defendants filed their Motion to Dismiss (Doc. 27), pursuant to Federal Rules of Civil Procedure 12(b)(6). In support of their Motion to Dismiss, they all raised the defense of qualified immunity from Plaintiff's Section 1983 claims. The Defendants motion to dismiss remains pending before this Court.

3. For the foregoing reasons and as set forth in the Memorandum of Law that follows, discovery in this matter should be stayed pending resolution of the qualified immunity defense raised by the Defendants in their motion to dismiss. The Defendants will be prejudiced if they are needlessly forced to ensure the rigors, inconvenience, and expense of discovery only to have the Section 1983 claims against them dismissed on the basis of qualified immunity.

4. A Case Management and Scheduling Order (Doc. 21) was entered on April 2, 2025. The due date of any requested discovery must be no later than July 2, 2025

5. Defendants seek a stay of all discovery until at least the court rules on the Defendants' assertion of qualified immunity that has been fully briefed in their motion to dismiss. (Doc. 27).

6. Plaintiff is a Florida state prisoner and incarcerated at Blackwater Correctional Facility. Therefore, the attorney conference required under Local Rule 7.1(B) is not required.

## II. Memorandum of Law

### A. The Standard for Obtaining a Stay of Discovery

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936).

### B. Discovery Should Be Stayed Pending Resolution of Qualified Immunity

The defense of qualified immunity affords public officials broad protections from the rigors, intrusion, and expense associated with defending against unwarranted civil rights' actions. For example, qualified immunity shields government officials from liability for damages arising from conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct.

2727, 2738 (1982). However, qualified immunity not only provides a defense to liability, but it also gives a public official immunity from suit itself. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985).

The defense of qualified immunity also extends to insulate public officials from the burdens associated with engaging in discovery. *Behrens v. Pelletier*, 516 U.S. 299, 308, 116 S.Ct. 834, 839 (1996); *see also Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 (1987) ("One of the purposes of the Harlow qualified immunity standard is to protect public officials from. . . discovery. . . ."). Until the threshold issue of qualified immunity has been resolved, discovery should not be allowed. *See Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738; *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793 (1991). Consequently, a court should stay discovery pending resolution of a public official's qualified immunity defense. *See Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 524 (11th Cir. 1994); *Hargrove v. Henderson*, 1996 U.S. Dist. LEXIS 12101 *5 (M.D. Fla. 1996); *see also, Klein v. Courtwright*, No. 96-850-cv-20B (M.D. Fla. April 3, 1997) (order granting stay of discovery pending resolution of qualified immunity defense raised in motion to dismiss); *Rindley v. Gallagher*, 890 F. Supp. 1540, 1547 (S.D. Fla. 1995) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is

effectively lost if a case is erroneously permitted to go to trial.") (*quoting Mitchell v. Forsyth*, 472 U.S. at 526) (emphasis in original).

The Defendants will be prejudiced if discovery is not stayed pending a decision of the qualified immunity issue. A fundamental protection afforded by qualified immunity is freedom from the rigors, inconvenience, and expense of discovery and other pretrial proceedings. *See Behrens*, 516 U.S. at 308, 116 S.Ct. at 839. Absent a stay of discovery, the Defendants will lose that protection. Because Plaintiff's claims arise under Section 1983, the Defendants' assertion of a qualified immunity defense could bring an end to this litigation against him. Thus, the Defendants should not be forced to undergo the rigors and inconvenience of discovery or for that matter the expense and time associated with other forms of discovery, until the threshold issue of qualified immunity has been resolved.

## III. Conclusion

WHEREFORE, for the foregoing reasons, the Defendants respectfully requests that this Court grant his Motion to Stay Discovery.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

I certify that this Motion and Memorandum complies with the work count limitation set forth in the Local Rules. This Motion and Memorandum collectively contain 1,075 words.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 29th, 2025 I electronically filed the foregoing document with the Clerk of Court utilizing the CM/ECF system.

I further certify that I provided the foregoing document by first-class mail on April 29, 2025 to the following non-CM/ECF participant:

Kenneth Warren Ford
DC# 167315
Blackwater River Correctional Facility
5914 Jeff Ates Road
Milton, FL 32583-0000

BY: /s/ Pamela E. Langham
Pamela E. Langham, Esquire
Florida Bar No.: 0910767
PAMELA E. LANGHAM, P.A.
186 N. Palafox
Pensacola, FL 32502
1.850.341.1369
pam@langham.net

*Attorney for Defendants*