UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Legal Mail
Provided to
Blackwater River Correctional
Rehabilitation Facility
on 5/12/25 for mailing. AR
INCBS

KENNETH WARREN FORD,
Plaintiff, CASE NO: 3:24cv570/LAC/ZCB

v.

CHRISTOPHER HUGHES, et. al.,
Defendants.
/

PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO STAY DISCOVERY

Pursuant to this Courts Order Document 30 plaintiff, Kenneth Ford states:

1. On December 19, 2024 this Court received Plaintiff's First Amended Complaint while allowing him to proceed with his claims against Defendants.

2. On March 19, 2025 Plaintiff received Defense Attorney Cover letter explaining that she was representing Defendant Hughes while requesting that he engage in Discovery and sign a DC4-711B Form.

3. Plaintiff refused to engage in Discovery while advising Defense Counsel that he could not do so until a Scheduling Order was entered and/or after she filed an ANSWER or Motion To Dismiss pursuant to Fed. R. Civ. P. 12.

4. On April 3, 2025 Plaintiff then mailed her his, "First Motion For Prompt Settlement" with overwhelming exhibits in support of his claims to show her that this was an "open and shut" case.

5. Subsequently, on April 8, 2025 Plaintiff received Defense Counsel Second Request for him to engage in Discovery and sign the DC4-711B Form. She included a copy of the Scheduling Order and advised "would file a Motion To Compel" if not cooperated with.

6. At that time, Plaintiff signed said Form while mailing it back to her along with (2) two Discovery Request of his own.

7. For the rest of the month of April, Plaintiff continued to send Defense Counsel Discovery Request

FILED USDC FLND PN
MAY 15 '25 AM10:14

8. On April 23, 2025 Plaintiff received Defense Counsel Motion for Extension Of Time To Respond To his First Amended Complaint Doc. 22 and Defendant's Motion To Stay Discovery Doc. 23.

9. As a result, on April 25, 2025 Plaintiff received Doc. 24 Order from this Court Granting Defendant's Motion for Extension Of Time and Denying Motion To Stay chiefly due to them failing to provide a "preliminary peek" as required.

10. Plaintiff foresaw issues regarding receiving "timely" Discovery Request from Defense Counsel due to her filing of the aforementioned being "an otiose undertaking" and because of such filed a request for issuance of a subpoena. It was denied on April 29, 2025 yet this Court reminded both parties of their obligations to cooperate in Discovery while warning of sanctions.

11. On May 5, 2025 Plaintiff received Defendants' Frivolous Motion To Dismiss and another "superfluous" Motion To Stay Discovery.

12. On May 6, 2025 Plaintiff received an Order from this Court Doc. 30 advising him of his DEADLINES to file responses in opposition.

13. As a result, on May 8, 2025 Plaintiff mailed his Response In Opposition To Defendants Frivolous Motion To Dismiss to this Court and Defense Counsel along with a Cover letter advising her that his requested discovery was due and to kindly cooperate as this Court has repeatedly advised.

14. On said date, Plaintiff also received a Legal Call from Defense Attorney afterwards seeking another "Extension Of Time" to respond to his Discovery Request to which he stated, "NO." Chiefly due to Defense Counsel weaponizing the extension of time motions to Stay Discovery and/or hinder his time to request additional Discovery necessary in proving his case by a preponderance of evidence. Defense Counsel failed to provide any reasonable excuse as to why she did not or could not meet her Discovery Due date to respond and she is very well aware of the fact that Plaintiff awaits her responses which determine how he proceeds with further Discovery Request and her failure to timely produce Discovery request hinders his Discovery being sought due to his time tolling. Her main strategy is to prolong in hopes that his

case is DISMISSED before any Discovery is ever done or otherwise that she subliminal receives her frivolous request to stay Discovery one way or another.

# MEMORANDUM

In deciding whether to stay discovery pending resolution of a motion to dismiss, the Court must balance the harm produced by a delay in discovery against the possibility that the motions will be granted and entirely eliminate the need for such discovery. McCabe, 233 F.R.D. at 685. The Court, therefore, takes a "preliminary peek" at the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." Id. (Citation and internal quotation marks omitted). The motion to dismiss should be so clear on its face that there is "an immediate and clear possibility that it will be granted." Feldman v. Flood, 176 F.R.D. 651, 653 (M.D. Fla. 1997)(citation and internal quotation omitted).

A leading criminal-law treatise, for instance, reports that "'[r]ecklessness in causing a result exist when one is aware that his conduct might cause the result, though it is not substantially certain to happen." Wayne LaFave, Substantive Criminal Law §5.4(f), at 507 (2018)(emphasis added). The Supreme Court has likewise underscored that criminal recklessness denotes a state of mind marked by one's subjective awareness of a risk that results from his own conduct. In Voisine v. United States, for instance, the Court described "reckless behavior" as comprising "acts undertaken with awareness of their substantial risk of causing injury" and explained that one acts "recklessly" when he consciously disregards "a substantial risk that [his] conduct will cause harm to another." 579 U.S. 686, 691, 694 136 S.Ct. 22 72, 195 L.Ed. 2d 736 (2016)(emphasis added). So too, in her recent plurality opinion in Borden v. United States, Justice Kagan explained that

"[a] person acts recklessly in the most common formulation, when he 'consciously disregards a substantial and unjustifiable risk attached to his conduct, in 'gross deviation' from accepted standards." 593 U.S. 420, 427, 141 S.Ct. 1817, 210 L.Ed. 2d 63 (2021)(emphasis added)(citation omitted); accord, e.g., Counterman v. Colorado, 600 U.S. 66, 79, 143 S.Ct. 2106, 216 L.Ed. 2d 775 (2023)(similar); cf. U.S.S.G. § 2A1.4 cmt. 1 (defining the term "reckless" as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation" (emphasis added)).

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." Although the Court may grant motions to stay discovery under Rule 26(c), the moving party must prove good cause and reasonableness. McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. 2006).

In fact, motions to stay discovery are disfavored and rarely are granted when discovery may be necessary to defend against the motion to dismiss or when the motion may not dispose of the entire case. Hovermale v. Sch. Bd. of Hillsborough Cty., Fla., 128 F.R.D. 287, 289 (M.D. Fla. 1989).

"[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" District of Columbia v. Wesby, 583 U.S. 48, 63 (2018).

Defense Counsel refuses to cooperate and provide Plaintiff with timely Discovery Request as ORDERED and constantly reminded to do by this Court.

She has a strategy and its simply to prolong her responses to Plaintiffs request so that his Discovery is slowed down or not completed by the end date in spite of this Court order that the Discovery period will not be extended. To some degree her plan is working unless she is sanctioned with monetary fees for her actions.

Plaintiff has relied largely on Defendants responses to his Interrogatories, Admissions, and Production of Documents Request as evidence to show (1) "he suffered a deprivation that was, 'objectively, sufficiently serious,'" (2) "that the defendants were aware that they acted with 'subjective recklessness as used in the criminal law,'"- meaning a showing that the defendants were "actually, subjectively aware that his/her own conduct [his/her own acts or omissions] caused a substantial risk of serious harm to the plaintiff" and (3) "that they 'actually knew of a substantial risk to inmate health and safety, but did not respond reasonably to that risk.'" Wade v. McDade, 106 F.4th at 1262 (quoting Farmer, 511 U.S. at 834, 844-45).

Furthermore, "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id at 842, 114 S.Ct. at 1981. Thus, a jury need not infer that the defendants intended that inmate McNeil would harm plaintiff or that they actually believed that inmate McNeil would harm plaintiff. It is enough that a jury be able to infer from the evidence that the defendants actually knew of a substantial risk that inmate would seriously harm plaintiff. The Discovery evidence being sought would allow a jury to draw those inferences and make those findings. Accord Rodriguez, 508 F.3d at 621-22 (concluding that a jury question existed as to the defendant's subjective knowledge of a substantial risk of serious harm to the plaintiff).

The law on this issue is clear thus had Defense Counsel focussed on filing an ANSWER and/or Motion To Dismiss before constantly seeking Discovery as advised by Plaintiff beforehand, she would not have overwhelming Discovery Request to satisfy timely while filing useless pleadings that fall short of proving good cause and reasonableness. INFRA.

In fact, her motion to stay discovery is highly disfavored and should not be granted due to Plaintiff's Discovery being necessary to defend against the motion to dismiss and break-down to show what might not appeared to be otherwise as he argued, "obvious." More specific, her opportunity to provide a "preliminary peek" or stay discovery was waived when she failed to do so or provide a Motion To Dismiss with her first Motion To Stay and/or seek Discovery instead of defend.

## CONCLUSION

WHEREFORE, Plaintiff Kenneth Ford respectfully request that this Court deny Defendants Motion To Stay Discovery for the foregoing reasons on this 12 day of May 2025.

Honorably Submitted,

/S/

KENNETH FORD DC# 167315
BLACKWATER RIVER CORR. FACILITY
5914 JEFF ATES ROAD
MILTON, FLORIDA 32583

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

I certify that I am a pro se litigant and that I have tried to the best of my ability to comply with the word count limitation in this Motion and Memorandum set forth in the Local Rules.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished into the hands of Prison Officials at BLACKWATER RIVER CORR. FACILITY in Milton, Florida 32583 for mailing via U.S. Postal Service mail on this 12 day of May, 2025 to: PAMELA E. LANGHAM, P.A. • 186 NORTH PALAFOX • PENSACOLA FLORIDA 32502

/S/

KENNETH FORD DC# 167375

KENNETH FORD DC#167315
BLACKWATER RIVER CORR. FACILITY
5914 JEFF ATES ROAD
MILTON, FLORIDA 32583

PENSACOLA FL 325
14 MAY 2025 AM 1

quadient
CORRECTION
IMI
$000.30º
05/13/2025 ZIP 32583
043M31258278
US POSTAGE




Legal Mail
Provided to
Blackwater River Correctional
Facility for mailing
on 5/12/25 initials

UNITED STATES DISTRICT COURT
1 NORTH PALAFOX STREET
PENSACOLA, FLORIDA 32502

32502-566599

THIS MAIL
ORIGINATED FROM A
CORRECTIONAL FACILITY

MAY 1 5 2025