**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**KENNETH WARREN FORD,**

**Plaintiff,**

**vs.** **Case No.: 3:24cv00570-LC-ZCB**

**CPT. CHRISTOPHER HUGHES, LT. CHRISTY WHEATON, AND MAJOR CHARLES RICHTER.**

**Defendants**

---

**DEFENDANTS, CPT. CHRISTOPHER HUGHES, CHRISTY WHEATON, AND CHARLES RICHTER'S, MOTION FOR RELIEF FROM ORDER, OR MOTION TO RECONSIDER, ALTERNATIVELY A MOTION TO MODIFY THE SCHEDULING ORDER AND EXTEND PENDING DISCOVERY DEADLINES, OR FOR EXTENSION OF TIME TO FILE DISCOVERY RESPONSES**

COMES NOW, Cpt. Christopher Hughes, Correctional Officer Christy Wheaton and Asst. Warden Charles Richter (collectively "Officers"), and move this court for relief from the Magistrate Judge's Order dated June 23, 2026 (Doc. 67). Alternately, the Officers respectfully move this Court to modify the Court's Order (Doc. 67), and extend the deadlines to discovery that was pending when the May 19, 2025 Order staying discovery was entered.

This motion seeks limited relief from the Court's Order rescheduling

discovery, which was entered without providing the Officers an opportunity to respond to Plaintiff's motion to reinstate discovery. The resulting deadlines have now already expired or are unreasonably short, rendering compliance impracticable.

The Officers do not oppose discovery proceeding at this time, but respectfully request a revised schedule that allows a fair opportunity to comply.

In support thereof, the Officers state:

1. On May 19, 2025, the court entered an Order staying discovery. (Doc. 33)

2. Subsequently, in the year following, multiple pleadings, motions and orders were filed culminating in an Order entered on June 18, 2026 by United States District Judge Mark E. Walker, denying the Officers motion to dismiss, (Doc. 53).

3. On June 22, 2026, Plaintiff's "Motion For Request To Re-Open Discovery &/Or Case Management Scheduling Order" (Doc. 66) was transmitted via email to the undersigned through CM-ECF. Before the email, the undersigned had not yet received a copy of the motion.

4. Local Rule 7.1(E) provides that "[a] party who opposes the motion **must** file a memorandum in opposition." (Emphasis added). And, the opposing

party has 14 days after service of the motion to file a memorandum opposing a motion. *Id.*

4. The day after Plaintiff's filed his motion (Doc. 66), June 23, 2026, the Magistrate Judge, without a response from the Officers, entered an order lifting the stay on discovery. (Doc. ___). The effect was that the discovery clock began ticking again. The Order did not address discovery deadlines for discovery that was served before the May 19, 2025 stay on discovery.

5. The Officers were not given an opportunity to respond to the Plaintiff's motion, pursuant to Local Rule 7.1(E), to notify the court of pending discovery requests that needed to be addressed.

6. Unbeknownst to the Magistrate Judge, on May 19, 2025, the date discovery was stayed, Plaintiff had already propounded the Officers with multiple discovery and the Officers had not yet responded or answered: (1) Plaintiff's Second Interrogatories and Request for Production of Documents served on Officer Christy Wheaton, (2) Plaintiff's Second Request for Admissions served on Cpt. Christopher Hughes, (3) Plaintiff's Third Request for Admissions served on Charles Richter, (4) Plaintiff's Fourth Interrogatories and Request for Production of Documents served on Cpt. Christopher Hughes, (5) Plaintiff's Third Interrogatories and Request for Production of Documents served on Asst. Warden

Richter, (6) Plaintiff's Fourth Request for Admissions served on Correctional Officer Christy Wheaton, and (7) Plaintiff's Amended First Interrogatories and Request for Production of Documents served on Cpt. Christopher Hughes.

7. Some of the Plaintiff's discovery was due on May 19, 2025– the Officers were in the process of working on the requests when the stay of discovery was entered. Thus, the responses and answers were not provided to the Plaintiff because of the stay.

8. The Order entered on June 23, 2026 automatically began the discovery clock deeming some of the discovery owed to the Plaintiff tardy within hours of service of the court Order.

9. By automatically lifting the stay and not extending any previous discovery deadlines on pending discovery or give the opportunity of these Officers to appropriately respond or answer to the Plaintiff's discovery is unconscionable.

10. The Order entered on June 23, 2026 is fundamentally inequitable and the Officers will suffer extreme prejudice without relief from the Court, especially since the court issued an order without allowing the Officers to respond to Plaintiff's motion.

11. The Order entered on June 23, 2026 and imposed render compliance impossible and place the Officers in immediate violation through no fault of their

own.

12. The Officers are not refusing discovery, but requesting fair timing.

13. This motion is made in good faith and seeks only a reasonable opportunity to comply with discovery obligations.

14. On June 26, 2026, the undersigned attempted to resolve this matter with the Plaintiff, *pro se*, who is now incarcerated at South Bay Correctional Institution.

## LEGAL STANDARD

### A. Rule 54(b)

Under Federal Rule of Civil Procedure 54(b), a court may revise any interlocutory order at anytime before entry of final judgment. The Order reinstating discovery was not a final order, therefore this motion may be considered as a motion for relief or reconsideration under Fed. R. Civ. Pro. 54(b). Indeed, this motion has raised new issues not considered or known by the Court, not readdressing issues previously considered, to warrant the relief requested.

### B. Rule 6(b)

Under Rule 6(b), the Court may extend deadlines for good cause where a party is unable to meet them despite reasonable diligence.

## ARGUMENT

### A. Defendant Was Not Given An Opportunity to Respond

The Court entered the Order reinstating discovery without allowing the Officers an opportunity to respond to Plaintiff's motion. This deprived the Officers of a meaningful opportunity to be heard regarding both reinstatement, scheduling and pending discovery deadlines.

### B. The Current Deadlines Are Unreasonable and Prejudicial

The Order effectively made response and answers to Plaintiff's pending discovery impossible to meet because the deadlines expired within hours, with insufficient time to respond essentially preventing the Officers from properly preparing and responding to discovery. Without modification of the discovery deadlines to respond to Plaintiff's discovery served before the May 2025 stay of discovery, the Officers are placed in automatic noncompliance through no fault of their own.

### C. Good Cause Exists to Modify the Schedule

The Officers seek only a reasonable extension to comply with their discovery obligations. There is no prejudice to Plaintiff from allowing a fair schedule, and modification will promote orderly and efficient resolution of the case.

In sum, the Officers respectfully move for relief from the Court's Order because the Order does not take into consideration the pending discovery when the May 19, 2025 Order to stay was entered. The Order was entered without providing the Officers an opportunity to respond to Plaintiff's motion to lift the stay. As a result, the deadlines imposed require the Officers to comply with discovery obligations that are already expired or unreasonably short.

This lack of opportunity to be heard constitutes a lack of due process and sufficient grounds for relief under Rule 54(b).

Good cause also exists under Rule 6(b) to extend the discovery deadlines, as the Officers could not reasonably comply with the schedule imposed.

The Officers do not oppose discovery proceeding at this point, but request the Court reset pending discovery deadlines to allow a fair and reasonable opportunity to comply.

**WHEREFORE**, the Officers respectfully request that the Court:

Modify the Order reinstating discovery, but extending the deadline to respond to discovery served before May 19, 2025, to July 21, 2026.

Dated this 26th day of June, 2026.

BY: /s/ Pamela E. Langham
Pamela E. Langham, Esquire
Florida Bar No.: 0910767
PAMELA E. LANGHAM, P.A.
186 N. Palafox
Pensacola, FL 32502
1.850.341.1369
pam@langham.net
*Attorney for Officer Wheaton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2026, I electronically filed the foregoing document with the Clerk of Court utilizing the Florida Courts' E-Portal Filing System and a copy of the filing was mailed to the following at the address listed:

Kenneth Warren Ford
DC# 167315
600 US-27
South Bay, Florida 33493

BY: /s/ Pamela E. Langham
Attorney