UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH WARREN FORD,
    Plaintiff,

vs.                                Case No.:  3:24-cv-570-MW-ZCB

CHRISTOPHER HUGHES, et al.,
    Defendants.
_____/

## ORDER

On June 23, 2026, the Court granted Plaintiff's motion to re-open discovery (Doc. 66) and established new deadlines for discovery and dispositive motions. (Doc. 67). Defendants now move the Court to reconsider or modify that order. (Doc. 68).

Defendants do not oppose the re-opening of discovery. (*Id.* at 2). Rather, Defendants raise concerns with their response deadlines to discovery requests propounded by Plaintiff prior to the discovery stay being imposed on May 19, 2025. (*Id.* at 3-4). Defendants state that their pre-stay discovery responses (some of which were due on May 19, 2025) will automatically be untimely unless the response deadlines are extended from the lifting of the discovery stay. (*Id.* at 4-7). Defendants

1

ask the Court to modify its prior order to extend the deadlines to respond to discovery served before May 19, 2025. (*Id.* at 7).

Federal Rule of Civil Procedure 54(b) "governs a district court's reconsideration of interlocutory orders." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379 (11th Cir. 2024). "Under Rule 54(b), district courts retain plenary power to reconsider an interlocutory order . . . ." *Id.* Courts should consider "both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed since the decision was initially made." *Id.* at 1381. But ultimately, a "district court's decision to reconsider an interlocutory order is thus committed to its sound judgment . . . ." *Id.*

Here, the Court agrees with Defendants that good cause exists to modify the order lifting the discovery stay to set a reasonable response deadline for all discovery requests served prior to the discovery stay. As recognized by Defendants, the Court was unaware of outstanding pre-stay discovery requests when it lifted the stay without extending the deadline to respond to such requests. Defendants—as well as Plaintiff for any pre-stay discovery requests served by Defendants—would be prejudiced if their response deadlines expired immediately upon the discovery stay being lifted. Thus, the Court will exercise its discretion to

modify its order lifting the discovery stay to set a reasonable deadline for the parties to respond to all pre-stay discovery requests.

Accordingly, it is **ORDERED** that:

1. Defendants' motion for reconsideration (Doc. 68) is **GRANTED** to the extent that the prior order lifting the discovery stay (Doc. 67) is **MODIFIED** as follows:

   a. The response deadline for all discovery requests served prior to the May 19, 2025, discovery stay is extended to **July 27, 2026**.[1]

   b. The relevant deadlines set by the Federal Rules of Civil Procedure shall apply to all discovery requests served after the discovery stay was lifted on June 23, 2026.

2. The discovery deadline and dispositive motion deadline set by the Court's order lifting the stay (Doc. 67) remain in effect.

**DONE AND ORDERED** this 26th day of June 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[1] To ensure fairness to all parties, this extended deadline applies to any pre-stay discovery requests served by Plaintiff as well as any pre-stay discovery requests served by Defendants.

3