**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**KENNETH WARREN FORD,**

**Plaintiff,**

**vs.** **Case No.: 3:24cv00570-LC-ZCB**

**CPT. CHRISTOPHER HUGHES, LT. CHRISTY WHEATON, AND MAJOR CHARLES RICHTER.**

**Defendants**

---

**DEFENDANT, CAPTAIN CHRISTOPHER HUGHES, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, Cpt. Christopher Hughes, files this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (Doc. 40), and states as follows:

## I. The Parties to the Complaint

As to the allegations in Section I., "The Parties to this Complaint," Cpt. Christopher Hughes admits that Plaintiff is a convicted prisoner and that Cpt. Christopher Hughes, is a Captain at the Santa Rosa Correctional Institution ("SRCI") for the Florida Department of Corrections. Cpt. Christopher Hughes

admits that Charles Richter and Christy Wheaton work at SRCI for the Florida Department of Corrections. Otherwise denied.

## II. Basis for Jurisdiction

As for the allegations in Section II, "Basis for Jurisdiction," Cpt. Christopher Hughes admits that Plaintiff has named state officials in the Second Amended Complaint. Cpt. Christopher Hughes denies all other allegations in Section II.

## III. Prisoner Status

As for the allegations in Section III, "Prisoner Status," Cpt. Christopher Hughes admits that Plaintiff is a convicted and sentenced prisoner. Cpt. Christopher Hughes admits that he was acting under color of state law at all times relevant to the complaint. Cpt. Christopher Hughes denies all other allegations in Section III.

## IV. Statement of Facts

As to the allegations in subsections A-D in Section IV., the "Statement of Facts," Cpt. Christopher denies Plaintiff's allegations. As to Plaintiff's allegations in the attached continuation of at pages 5-15 and ¶¶ 1. through 77, entitled IV. Statement of Facts, Cpt. Christopher Hughes denies Plaintiff's allegations directed to him, including any and all claims made in any attachments, paperwork, or other

attachments or exhibits referenced in the Second Amended Complaint (Doc. 40).

**V. Claims For Relief**

As to the allegations in Section V., "Claims For Relief", Captain Christopher Hughes denies Plaintiff's allegations regarding alleged violations and injuries or the cause thereof that begin on page 15 and end on page 17 consisting of ¶¶ 78 through 83 and all subparts. Otherwise denied.

**VI. Relief Requested**

Cpt. Christopher Hughes denies that Plaintiff is entitled to any of the relief claimed in Section VI., "Relief" and that begin on page 17 and end on page 19.

**VII. Exhaustion of Administrative Remedies**

As for Section VII., "Exhaustion of Administrative Remedies," Cpt. Christopher Hughes denies that Plaintiff exhausted all available administrative remedies before commencing this litigation. Specifically, Plaintiff failed to exhaust all of the grievance procedures available to him through the Florida Department of Corrections, including filing grievances and appealing any grievance decisions.

**VIII. Prior Litigation**

As for Section VIII., Cpt. Christopher Hughes denies that Plaintiff properly accounted for his litigation history in this section, and its continuation on pages 20

- 24 ending before Section IX. and continuing again on page 26.

## IX. Certification

As for Section IX., "Certification," this section is not directed at Cpt. Christopher Hughes.

## GENERAL DENIAL

To the extent that any allegation in the Second Amended Complaint, including any subparagraphs and attachments, has not been specifically denied, or otherwise controverted herein, Cpt. Christopher Hughes denies the allegation.

## DEMAND FOR JURY TRIAL

Cpt. Christopher Hughes demands trial by jury for all issues so triable.

## DEFENSES AND AFFIRMATIVE DEFENSES

Cpt. Christopher Hughes asserts the following affirmative and other defenses without assuming any burdens of production or proof that he would not otherwise have. Cpt. Christopher Hughes further reserves the right to assert other affirmative or additional defenses and to supplement this Answer and Affirmative Defenses upon discovery of facts or evidence rendering such action appropriate.

1. Plaintiff has failed to state a cause of action against Cpt. Christopher Hughes.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Cpt. Christopher Hughes has not deprived Plaintiff of any rights, privileges, or immunities secured by the United States Constitution or laws of the United States or Florida.

4. Plaintiff is not entitled to any damages as Plaintiff has not suffered any injury.

5. Cpt. Christopher Hughes is entitled to qualified immunity for his actions relative to the incident set forth in the Second Amended Complaint.

6. Plaintiff has failed to state a cause of action because there is no causal connection between Plaintiff's claimed injuries and action or inaction by Cpt. Christopher Hughes as required for liability under 42 U.S.C. § 1983.

7. Plaintiff's claim for damages is barred pursuant to the Prison Litigation Reform Act based on lack of a physical injury as a result of the alleged actions by Cpt. Christopher Hughes.

8. Plaintiff's prayer for punitive damages is barred under the Prison Litigation Reform Act because Plaintiff has suffered no physical injury.

9. Plaintiff failed to fulfill all conditions precedent to filing this lawsuit, which include properly exhausting all available administrative remedies, as required under the Prison Litigation Reform Act. See 42 U.S.C. § 1997e(a).

10. Plaintiff is barred by the doctrine of judicial estoppel from

contradicting his prior statements.

11. Plaintiff's alleged injuries, referenced above, preexisted any of the alleged acts or omissions of the Cpt. Christopher Hughes in this lawsuit. Therefore, Cpt. Christopher Hughes did not cause any of Plaintiff's alleged injuries.

12. Any injury to Plaintiff was caused wholly or in part by his own acts, omissions, failures to care for himself, or illegal or wrongful conduct.

13. Plaintiff has failed to mitigate his damages.

14. Any injury Plaintiff claims to have suffered is the result of actions outside of the control of this Cpt. Christopher Hughes. For example, the Complaint alleges that other individuals are responsible for some, if not all, of Plaintiff's damages.

15. Plaintiff cannot recover punitive damages because Cpt. Christopher Hughes' conduct does not rise to such a punitive level.

16. Plaintiff did not suffer a constitutional deprivation.

17. Cpt. Christopher Hughes did not violate a constitutional right.

18. Cpt. Christopher Hughes did not violate a clearly established right.

19. There is no causal relation between Plaintiff's alleged injury and Cpt. Christopher Hughes' alleged conduct.

20. Cpt. Christopher Hughes did not violate Plaintiff's constitutional rights protected under the Eighth Amendment.

21. Plaintiff's claims against Cpt. Christopher Hughes in his individual capacity are barred by the doctrine of qualified immunity.

22. At all times pertinent hereto, Cpt. Christopher Hughes was acting under color of state law, within the scope of his employment as a Captain at a Florida Department of Corrections institution, in good faith without malice, and was not violating clearly established law of which a reasonable Captain or correctional officer would be aware. Thus, Cpt. Christopher Hughes, in his individual capacity, is entitled to qualified immunity.

23. Cpt. Christopher Hughes asserts the defense of qualified immunity.

24. Any injury to Plaintiff was caused wholly or in part by his own acts, omissions, failures to care for himself, or illegal or wrongful conduct.

25. Any injury or damages sustained by Plaintiff at the time and place alleged in the Second Amended Complaint were caused solely by the fault, conduct, omissions, or want of care on the part of a person, persons, entity, or entities, for whose conduct Cpt. Christopher Hughes bears no responsibility. Said acts or omissions were the proximate cause of Plaintiff's alleged injuries and damages, thus barring or reducing proportionately all claims for damages against

Cpt. Christopher Hughes. Cpt. Christopher Hughes reserves the right to amend this Affirmative Defense prior to trial as such culpable parties or non-parties are identified. Any damages awarded to Plaintiff is subject to apportionment by the jury as to the total fault of all participants in the incident.

26. Plaintiff's alleged injuries and damages were not proximately caused by any act or omission on the part of Cpt. Christopher Hughes, with the result that Plaintiff is not entitled to recover in this case.

27. Cpt. Christopher Hughes asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which this Cpt. Christopher Hughes had no duty or ability to control, thereby constituting an independent cause resulting in injury to Plaintiff.

28. Plaintiff had a reasonable opportunity to avoid said alleged conditions, but voluntarily and knowingly did not. Plaintiff's actions proximately caused or contributed to his injuries complained of, thus barring or reducing proportionately all claims for damages against Cpt. Christopher Hughes.

29. Plaintiff's claims for money damages are barred, in whole or in part, because he has not suffered a physical injury that is more than *de minimus*.

30. Cpt. Christopher Hughes cannot be held liable under 42 U.S.C. §

1983 for any actions involving Plaintiff in which he did not directly participate or of which he had no knowledge or over which he had not control.

31. Cpt. Christopher Hughes is entitled to a set-off from any recovery against him in the amount of any settlement or other payment, including insurance payments or other collateral sources and benefits, made to or on behalf of Plaintiff arising out of the incident that is the subject of this lawsuit.

32. Cpt. Christopher Hughes claims the protection of all applicable statutory caps on damages.

33. Cpt. Christopher Hughes asserts that Plaintiff's claims are barred because a party cannot benefit from his own unlawful activity.

34. Cpt. Christopher Hughes incorporates by reference the defenses and arguments set forth in his motions to dismiss.

35. This claim is time barred by the applicable statute of limitations.

**WHEREFORE**, Cpt. Christopher Hughes respectfully requests that Plaintiff's Second Amended Complaint be dismissed with prejudice, that judgment be entered in Cpt. Christopher Hughes's favor, that Plaintiff take nothing by this action, and that Cpt. Christopher Hughes recover his attorney's fees, costs and expenses associated with this lawsuit.

Dated this 7th day of July, 2026.

BY: /s/ Pamela E. Langham
Pamela E. Langham, Esquire
Florida Bar No.: 0910767
PAMELA E. LANGHAM, P.A.
186 N. Palafox
Pensacola, FL 32502
1.850.341.1369
pam@langham.net
*Attorney for Cpt. Christopher Hughes*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 7th, 2026, I electronically filed the foregoing document with the Clerk of Court utilizing the Florida Courts' E-Portal Filing System and a copy of the filing was mailed to the following at the address listed:

Kenneth Warren Ford
DC# 167315
South Bay Correctional Institution
600 US-27
South Bay, FL 33493

BY: /s/ Pamela E. Langham
Attorney