**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**KENNETH WARREN FORD,**

**Plaintiff,**

**vs.** **Case No.: 3:24cv00570-LC-ZCB**

**CPT. CHRISTOPHER HUGHES, LT. CHRISTY WHEATON, AND MAJOR CHARLES RICHTER.**

**Defendants**

---

**DEFENDANT, CHRISTY WHEATON'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, Correctional Officer Christy Wheaton ("Officer Wheaton"), files this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (Doc. 40), and states as follows:

## I. The Parties to the Complaint

As to the allegations in Section I., "The Parties to this Complaint," Officer Wheaton admits that Plaintiff is a convicted prisoner and that Officer Wheaton is a Correctional Officer at the Santa Rosa Correctional Institution ("SRCI") for the Florida Department of Corrections. Officer Wheaton admits that Charles Richter

and Cpt. Christopher Hughes work at SRCI for the Florida Department of Corrections. Otherwise denied.

## II. Basis for Jurisdiction

As for the allegations in Section II, "Basis for Jurisdiction," Officer Wheaton admits that Plaintiff has named state officials in the Second Amended Complaint. Officer Wheaton denies all other allegations in Section II.

## III. Prisoner Status

As for the allegations in Section III, "Prisoner Status," Officer Wheaton admits that Plaintiff is a convicted and sentenced prisoner. Officer Wheaton admits that he was acting under color of state law at all times relevant to the complaint. Officer Wheaton denies all other allegations in Section III.

## IV. Statement of Facts

As to the allegations in subsections A-D in Section IV., the "Statement of Facts," Cpt. Christopher denies Plaintiff's allegations. As to Plaintiff's allegations in the attached continuation at pages 5-15 and ¶¶ 1. through 77, entitled IV. Statement of Facts, Officer Wheaton denies Plaintiff's allegations directed to her, including any and all claims made in any attachments, paperwork, or other attachments or exhibits referenced in the Second Amended Complaint (Doc. 40).

## V. Claims For Relief

As to the allegations in Section V., "Claims For Relief", Officer Wheaton denies Plaintiff's allegations regarding alleged violations and injuries or the cause thereof that begin on page 15 and end on page 17 consisting of ¶¶ 78 through 83 and all subparts. Otherwise denied.

**VI. Relief Requested**

Officer Wheaton denies that Plaintiff is entitled to any of the relief claimed in Section VI., "Relief" and that begin on page 17 and end on page 19.

**VII. Exhaustion of Administrative Remedies**

As for Section VII., "Exhaustion of Administrative Remedies," Officer Wheaton denies that Plaintiff exhausted all available administrative remedies before commencing this litigation. Specifically, Plaintiff failed to exhaust all of the grievance procedures available to him through the Florida Department of Corrections, including filing grievances and appealing any grievance decisions.

**VIII. Prior Litigation**

As for Section VIII., Officer Wheaton denies that Plaintiff properly accounted for his litigation history in this section, and its continuation on pages 20 - 24 ending before Section IX. and continuing again on page 26.

**IX. Certification**

As for Section IX., "Certification," this section is not directed at Officer

Wheaton.

## GENERAL DENIAL

To the extent that any allegation in the Second Amended Complaint, including any subparagraphs and attachments, has not been specifically denied, or otherwise controverted herein, Officer Wheaton denies the allegation.

## DEMAND FOR JURY TRIAL

Officer Wheaton demands trial by jury for all issues so triable.

## DEFENSES AND AFFIRMATIVE DEFENSES

Officer Wheaton asserts the following affirmative and other defenses without assuming any burdens of production or proof that he would not otherwise have. Officer Wheaton further reserves the right to assert other affirmative or additional defenses and to supplement this Answer and Affirmative Defenses upon discovery of facts or evidence rendering such action appropriate.

1. Plaintiff has failed to state a cause of action against Officer Wheaton.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Officer Wheaton has not deprived Plaintiff of any rights, privileges, or immunities secured by the United States Constitution or laws of the United States or Florida.

4. Plaintiff is not entitled to any damages as Plaintiff has not suffered

any injury.

5. Officer Wheaton is entitled to qualified immunity for his actions relative to the incident set forth in the Second Amended Complaint.

6. Plaintiff has failed to state a cause of action because there is no causal connection between Plaintiff's claimed injuries and action or inaction by Officer Wheaton as required for liability under 42 U.S.C. § 1983.

7. Plaintiff's claim for damages is barred pursuant to the Prison Litigation Reform Act based on lack of a physical injury as a result of the alleged actions by Officer Wheaton.

8. Plaintiff's prayer for punitive damages is barred under the Prison Litigation Reform Act because Plaintiff has suffered no physical injury.

9. Plaintiff failed to fulfill all conditions precedent to filing this lawsuit, which include properly exhausting all available administrative remedies, as required under the Prison Litigation Reform Act. See 42 U.S.C. § 1997e(a).

10. Plaintiff is barred by the doctrine of judicial estoppel from contradicting his prior statements.

11. Plaintiff's alleged injuries, referenced above, preexisted any of the alleged acts or omissions of the Officer Wheaton in this lawsuit. Therefore, Officer Wheaton did not cause any of Plaintiff's alleged injuries.

12. Any injury to Plaintiff was caused wholly or in part by his own acts, omissions, failures to care for himself, or illegal or wrongful conduct.

13. Plaintiff has failed to mitigate his damages.

14. Any injury Plaintiff claims to have suffered is the result of actions outside of the control of this Officer Wheaton. For example, the Complaint alleges that other individuals are responsible for some, if not all, of Plaintiff's damages.

15. Plaintiff cannot recover punitive damages because Officer Wheaton's conduct does not rise to such a punitive level.

16. Plaintiff did not suffer a constitutional deprivation.

17. Officer Wheaton did not violate a constitutional right.

18. Officer Wheaton did not violate a clearly established right.

19. There is no causal relation between Plaintiff's alleged injury and Officer Wheaton's alleged conduct.

20. Officer Wheaton did not violate Plaintiff's constitutional rights protected under the Eighth Amendment.

21. Plaintiff's claims against Officer Wheaton in her individual capacity are barred by the doctrine of qualified immunity.

22. At all times pertinent hereto, Officer Wheaton was acting under color of state law, within the scope of his employment as an employee at a

Florida Department of Corrections institution, in good faith without malice, and was not violating clearly established law of which a reasonable correctional officer or lieutenant would be aware. Thus, Officer Wheaton, in her individual capacity, is entitled to qualified immunity.

23. Officer Wheaton asserts the defense of qualified immunity.

24. Any injury to Plaintiff was caused wholly or in part by his own acts, omissions, failures to care for himself, or illegal or wrongful conduct.

25. Any injury or damages sustained by Plaintiff at the time and place alleged in the Second Amended Complaint were caused solely by the fault, conduct, omissions, or want of care on the part of a person, persons, entity, or entities, for whose conduct Officer Wheaton bears no responsibility. Said acts or omissions were the proximate cause of Plaintiff's alleged injuries and damages, thus barring or reducing proportionately all claims for damages against Officer Wheaton. Officer Wheaton reserves the right to amend this Affirmative Defense prior to trial as such culpable parties or non-parties are identified. Any damages awarded to Plaintiff is subject to apportionment by the jury as to the total fault of all participants in the incident.

26. Plaintiff's alleged injuries and damages were not proximately caused by any act or omission on the part of Officer Wheaton, with the result that Plaintiff

is not entitled to recover in this case.

27. Officer Wheaton asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which this Officer Wheaton had no duty or ability to control, thereby constituting an independent cause resulting in injury to Plaintiff.

28. Plaintiff had a reasonable opportunity to avoid said alleged conditions, but voluntarily and knowingly did not. Plaintiff's actions proximately caused or contributed to his injuries complained of, thus barring or reducing proportionately all claims for damages against Officer Wheaton.

29. Any injury or damages sustained by Plaintiff was not the proximate result of any action or inaction by Officer Wheaton.

30. Plaintiff's claims for money damages are barred, in whole or in part, because he has not suffered a physical injury that is more than *de minimus*.

31. Officer Wheaton cannot be held liable under 42 U.S.C. § 1983 for any actions involving Plaintiff in which he did not directly participate or of which he had no knowledge or over which he had not control.

32. Officer Wheaton is entitled to a set-off from any recovery against him in the amount of any settlement or other payment, including insurance

payments or other collateral sources and benefits, made to or on behalf of Plaintiff arising out of the incident that is the subject of this lawsuit.

33. Officer Wheaton claims the protection of all applicable statutory caps on damages.

34. Officer Wheaton asserts that Plaintiff's claims are barred because a party cannot benefit from his own unlawful activity.

35. Officer Wheaton incorporates by reference the defenses and arguments set forth in his motions to dismiss.

36. This claim is time barred by the applicable statute of limitations.

**WHEREFORE**, Officer Wheaton respectfully requests that Plaintiff's Second Amended Complaint be dismissed with prejudice, that judgment be entered in Officer Wheaton's favor, that Plaintiff take nothing by this action, and that Officer Wheaton recover her attorney's fees, costs and expenses associated with this lawsuit.

Dated this 7th day of July, 2026.

BY: /s/ Pamela E. Langham
Pamela E. Langham, Esquire
Florida Bar No.: 0910767
PAMELA E. LANGHAM, P.A.
186 N. Palafox
Pensacola, FL 32502
1.850.341.1369
pam@langham.net
*Attorney for Officer Wheaton*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 7, 2026, I electronically filed the foregoing document with the Clerk of Court utilizing the Florida Courts' E-Portal Filing System and a copy of the filing was mailed to the following at the address listed:

Kenneth Warren Ford
DC# 167315
South Bay Correctional Institution
600 US-27
South Bay, FL 33493

BY: /s/ Pamela E. Langham
Attorney