**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**KENNETH WARREN FORD,**

**Plaintiff,**

**vs.** **Case No.: 3:24cv00570-LC-ZCB**

**CPT. CHRISTOPHER HUGHES, LT. CHRISTY WHEATON, AND MAJOR CHARLES RICHTER.**

**Defendants**

---

**DEFENDANT, CHARLES RICHTER'S,**
**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, Assistant Warden Charles Richter ("Asst. Warden Richter"), files this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (Doc. 40), and states as follows:

## I. The Parties to the Complaint

As to the allegations in Section I., "The Parties to this Complaint," Asst. Warden Richter admits that Plaintiff is a convicted prisoner and that Asst. Warden Richter works at the Santa Rosa Correctional Institution ("SRCI") for the Florida Department of Corrections. Asst. Warden Richter admits that Cpt. Christopher

Hughes and Correctional Officer Wheaton work at SRCI for the Florida Department of Corrections. Otherwise denied.

## II. Basis for Jurisdiction

As for the allegations in Section II, "Basis for Jurisdiction," Asst. Warden Richter admits that Plaintiff has named state officials in the Second Amended Complaint. Asst. Warden Richter denies all other allegations in Section II.

## III. Prisoner Status

As for the allegations in Section III, "Prisoner Status," Asst. Warden Richter admits that Plaintiff is a convicted and sentenced prisoner. Asst. Warden Richter admits that he was acting under color of state law at all times relevant to the complaint. Asst. Warden Richter denies all other allegations in Section III.

## IV. Statement of Facts

As to the allegations in subsections A-D in Section IV., the "Statement of Facts," Asst. Warden Richter denies Plaintiff's allegations. As to Plaintiff's allegations in the attached continuation at pages 5-15 and ¶¶ 1. through 77, entitled IV. Statement of Facts, Asst. Warden Richter denies Plaintiff's allegations directed to him, including any and all claims made in any attachments, paperwork, or other attachments or exhibits referenced in the Second Amended Complaint (Doc. 40).

## V. Claims For Relief

As to the allegations in Section V., "Claims For Relief", Asst. Warden Richter denies Plaintiff's allegations regarding alleged violations and injuries or the cause thereof that begin on page 15 and end on page 17 consisting of ¶¶ 78 through 83 and all subparts. Otherwise denied.

## VI. Relief Requested

Asst. Warden Richter denies that Plaintiff is entitled to any of the relief claimed in Section VI., "Relief" and that begin on page 17 and end on page 19.

## VII. Exhaustion of Administrative Remedies

As for Section VII., "Exhaustion of Administrative Remedies," Asst. Warden Richter denies that Plaintiff exhausted all available administrative remedies before commencing this litigation. Specifically, Plaintiff failed to exhaust all of the grievance procedures available to him through the Florida Department of Corrections, including filing grievances and appealing any grievance decisions.

## VIII. Prior Litigation

As for Section VIII., Asst. Warden Richter denies that Plaintiff properly accounted for his litigation history in this section, and its continuation on pages 20-24 ending before Section IX. and continuing again on page 26.

**IX. Certification**

As for Section IX., "Certification," this section is not directed at Asst. Warden Richter.

## GENERAL DENIAL

To the extent that any allegation in the Second Amended Complaint, including any subparagraphs and attachments, has not been specifically denied, or otherwise controverted herein, Asst. Warden Richter denies the allegation.

## DEMAND FOR JURY TRIAL

Asst. Warden Richter demands trial by jury for all issues so triable.

## DEFENSES AND AFFIRMATIVE DEFENSES

Asst. Warden Richter asserts the following affirmative and other defenses without assuming any burdens of production or proof that he would not otherwise have. Asst. Warden Richter further reserves the right to assert other affirmative or additional defenses and to supplement this Answer and Affirmative Defenses upon discovery of facts or evidence rendering such action appropriate.

1. Plaintiff has failed to state a cause of action against Asst. Warden Richter.
2. Plaintiff fails to state a claim upon which relief can be granted.
3. Asst. Warden Richter has not deprived Plaintiff of any rights,

privileges, or immunities secured by the United States Constitution or laws of the United States or Florida.

4. Plaintiff is not entitled to any damages as Plaintiff has not suffered any injury.

5. Asst. Warden Richter is entitled to qualified immunity for his actions relative to the incident set forth in the Second Amended Complaint.

6. Plaintiff has failed to state a cause of action because there is no causal connection between Plaintiff's claimed injuries and action or inaction by Asst. Warden Richter as required for liability under 42 U.S.C. § 1983.

7. Plaintiff's claim for damages is barred pursuant to the Prison Litigation Reform Act based on lack of a physical injury as a result of the alleged actions by Asst. Warden Richter.

8. Plaintiff's prayer for punitive damages is barred under the Prison Litigation Reform Act because Plaintiff has suffered no physical injury.

9. Plaintiff failed to fulfill all conditions precedent to filing this lawsuit, which include properly exhausting all available administrative remedies, as required under the Prison Litigation Reform Act. See 42 U.S.C. § 1997e(a).

10. Plaintiff is barred by the doctrine of judicial estoppel from contradicting his prior statements.

11. Plaintiff's alleged injuries, referenced above, preexisted any of the alleged acts or omissions of the Asst. Warden Richter in this lawsuit. Therefore, Asst. Warden Richter did not cause any of Plaintiff's alleged injuries.

12. Any injury to Plaintiff was caused wholly or in part by his own acts, omissions, failures to care for himself, or illegal or wrongful conduct.

13. Plaintiff has failed to mitigate his damages.

14. Any injury Plaintiff claims to have suffered is the result of actions outside of the control of this Asst. Warden Richter. For example, the Complaint alleges that other individuals are responsible for some, if not all, of Plaintiff's damages.

15. Plaintiff cannot recover punitive damages because Asst. Warden Richter's conduct does not rise to such a punitive level.

16. Plaintiff did not suffer a constitutional deprivation.

17. Asst. Warden Richter did not violate a constitutional right.

18. Asst. Warden Richter did not violate a clearly established right.

19. There is no causal relation between Plaintiff's alleged injury and Asst. Warden Richter's alleged conduct.

20. Asst. Warden Richter did not violate Plaintiff's constitutional rights protected under the Eighth Amendment.

21. Plaintiff's claims against Asst. Warden Richter in his individual capacity are barred by the doctrine of qualified immunity.

22. At all times pertinent hereto, Asst. Warden Richter was acting under color of state law, within the scope of his employment as an employee at a Florida Department of Corrections institution, in good faith without malice, and was not violating clearly established law of which a reasonable Major or correctional officer would be aware. Thus, Asst. Warden Richter, in his individual capacity, is entitled to qualified immunity.

23. Asst. Warden Richter asserts the defense of qualified immunity.

24. Any injury to Plaintiff was caused wholly or in part by his own acts, omissions, failures to care for himself, or illegal or wrongful conduct.

25. Any injury or damages sustained by Plaintiff at the time and place alleged in the Second Amended Complaint were caused solely by the fault, conduct, omissions, or want of care on the part of a person, persons, entity, or entities, for whose conduct Asst. Warden Richter bears no responsibility. Said acts or omissions were the proximate cause of Plaintiff's alleged injuries and damages, thus barring or reducing proportionately all claims for damages against Asst. Warden Richter. Asst. Warden Richter reserves the right to amend this Affirmative Defense prior to trial as such culpable parties or non-parties are identified. Any

damages awarded to Plaintiff is subject to apportionment by the jury as to the total fault of all participants in the incident.

26. Plaintiff's alleged injuries and damages were not proximately caused by any act or omission on the part of Asst. Warden Richter, with the result that Plaintiff is not entitled to recover in this case.

27. Asst. Warden Richter asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which this Asst. Warden Richter had no duty or ability to control, thereby constituting an independent cause resulting in injury to Plaintiff.

28. Plaintiff had a reasonable opportunity to avoid said alleged conditions, but voluntarily and knowingly did not. Plaintiff's actions proximately caused or contributed to his injuries complained of, thus barring or reducing proportionately all claims for damages against Asst. Warden Richter.

29. Any injury or damages sustained by Plaintiff was not the proximate result of any action or inaction by Asst. Warden Richter.

30. Plaintiff's claims for money damages are barred, in whole or in part, because he has not suffered a physical injury that is more than *de minimus*.

31. Asst. Warden Richter cannot be held liable under 42 U.S.C. §

1983 for any actions involving Plaintiff in which he did not directly participate or of which he had no knowledge or over which he had not control.

32. Asst. Warden Richter is entitled to a set-off from any recovery against him in the amount of any settlement or other payment, including insurance payments or other collateral sources and benefits, made to or on behalf of Plaintiff arising out of the incident that is the subject of this lawsuit.

33. Asst. Warden Richter claims the protection of all applicable statutory caps on damages.

34. Asst. Warden Richter asserts that Plaintiff's claims are barred because a party cannot benefit from his own unlawful activity.

35. Asst. Warden Richter incorporates by reference the defenses and arguments set forth in his motions to dismiss.

36. This claim is time barred by the applicable statute of limitations.

**WHEREFORE**, Asst. Warden Richter respectfully requests that Plaintiff's Second Amended Complaint be dismissed with prejudice, that judgment be entered in Asst. Warden Richter's favor, that Plaintiff take nothing by this action, and that Asst. Warden Richter recover his attorney's fees, costs and expenses associated with this lawsuit.

Dated this 7th day of July, 2026.

BY: /s/ Pamela E. Langham
Pamela E. Langham, Esquire
Florida Bar No.: 0910767
PAMELA E. LANGHAM, P.A.
186 N. Palafox
Pensacola, FL 32502
1.850.341.1369
pam@langham.net
*Attorney for Asst. Warden Richter*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 7, 2026, I electronically filed the foregoing document with the Clerk of Court utilizing the Florida Courts' E-Portal Filing System and a copy of the filing was mailed to the following at the address listed:

Kenneth Warren Ford
DC# 167315
South Bay Correctional Institution
600 US-27
South Bay, FL 33493

BY: /s/ Pamela E. Langham
Attorney