UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH WARREN FORD,
Plaintiff,

vs. Case No.: 3:24-cv-570-MW-ZCB

CHRISTOPHER HUGHES, et al.,
Defendants.
_____________________________________/

**ORDER**

Plaintiff is proceeding *pro se* in this prisoner civil rights action. Before the Court are: (1) Plaintiff's "Motion for Extension of Time and Request for Order Granting More than (25) Twenty-Five Interrogatories" (Doc. 81); (2) Defendants' motion for extension of time to respond to Plaintiff's motion (Doc. 83); and Defendants' response to Plaintiff's motion (Doc. 84).

The Court first addresses Defendants' motion for extension of time. (Doc. 83). Defendants were previously ordered to respond to Plaintiff's "Motion for Extension of Time and Request for Order Granting More than (25) Twenty-Five Interrogatories" (Doc. 81) on or before August 26, 2026. (Doc. 82). On August 25, 2026, Defendants moved for an extension of time to respond, stating that more time is needed to verify Plaintiff's

assertions and formulate a complete response to all matters raised in the motion. (Doc. 83). Defendants subsequently filed their substantive response on August 28, 2026. (Doc. 84). For good cause shown, the Court will grant Defendants' request for an extension of time to the extent it accepts Defendants' substantive response (Doc. 84) for filing. *See* Fed. R. Civ. P. 6(b)(1)(A).

The Court now turns to Plaintiff's "Motion for Extension of Time and Request for Order Granting More than (25) Twenty-Five Interrogatories" (Doc. 81) and Defendants' response (Doc. 84). In the motion, Plaintiff appears to ask that: (1) the discovery deadline be extended to October 10, 2026; (2) he receive additional time to respond to Defendants' discovery requests; and (3) he be permitted to serve more than twenty-five interrogatories on Defendants. (Doc. 81 at 4-5). Defendants respond to each portion of Plaintiff's requested relief. (Doc. 84).

As to the request to extend the discovery deadline, Defendants state that Plaintiff's assertions show—at least as of the filing of his motion—he was unaware the Court had already extended the discovery deadline to September 16, 2026 (*see* Doc. 76). (Doc. 84 at 3). Defendants say that once Plaintiff learns of the prior extension, he may no longer request an

extension of the discovery deadline. (*Id.*). The Court agrees that Plaintiff appears to have been unaware of the prior extension of the discovery deadline when he filed his motion. (*See* Doc. 81 at 1) (referring to "the August 14, 2026 discovery deadline").[1] Thus, the Court also agrees that Plaintiff may no longer need a further extension of the discovery deadline after he learns that the deadline has already been extended to September 16, 2026. Out of an abundance of caution, however, the Court will deny Plaintiff's request to extend the discovery deadline to October 10, 2026, without prejudice to him later renewing his request to extend the discovery deadline.[2]

Next is Plaintiff's request for additional time to respond to Defendants' discovery requests. Plaintiff appears to seek a two-month

---

[1] On August 17, 2026, to ensure Plaintiff received notice of the prior extension, the Court directed the Clerk of Court to mail Plaintiff the order extending the discovery deadline to September 16, 2026. (Doc. 79 at 3-4 & n.2).

[2] It is entirely possible that Plaintiff has already placed additional filings in the mail after receiving notice of the discovery deadline being extended to September 16, 2026. But if such filings were mailed in the past week, they likely have not been received by the Court yet due to prison mailing delays. Because the Court has no way of knowing Plaintiff's current position on the discovery deadline until it receives additional filing from him, and in an effort to keep this case moving forward, the Court is denying the pending request to extend the discovery deadline without prejudice to Plaintiff putting a new request before the Court after learning of discovery deadline being extended to September 16, 2026.

extension to respond to Defendants' July 7-9, 2026, discovery requests. (Doc. 81 at 1-5). Defendants correctly note that Plaintiff's responses to these requests were due approximately August 10, 2026. (Doc. 84 at 1-2). As such, Plaintiff is essentially requesting that he be given until October 10, 2026, to respond to the July 7-9, 2026, discovery requests. Defendants do not oppose a four-week extension to September 8, 2026, but appear opposed to an extension into October. (*Id.* at 3).

Given that the current discovery deadline is September 16, 2026 (Doc. 76), Plaintiff's requested extension would allow him to serve his discovery responses well after the discovery deadline has already passed. Because the Court is not extending the discovery deadline at this time, it will not grant Plaintiff's requested two-month extension. Instead, the Court will allow Plaintiff up to the September 16, 2026, discovery deadline to respond to Defendants' discovery requests.[3]

---

[3] Although Defendants only consent to an extension to September 8, 2026 (Doc. 84 at 3), the Court believes adding an additional eight days will allow time for this order to reach Plaintiff with sufficient time for him to finalize his discovery responses. Again, due to prison mail delays, the Court is concerned that Plaintiff may not receive this order by September 8, 2026—particularly with the mail not running on September 7, 2026, because of Labor Day. If these additional eight days cause Defendants to be concerned with any summary judgment preparations, Defendants may raise such concerns by moving for a further extension of the October 16, 2026, dispositive motions deadline (Doc. 76). (*See* Doc. 82 at 2 n.2)

Last is Plaintiff's request to serve more than twenty-five interrogatories on Defendants. Defendants oppose this request, arguing that Plaintiff has not exceeded the twenty-five interrogatory limit making the request premature and unnecessary. (Doc. 84 at 3-5). Defendants say this makes any need to exceed the twenty-five-interrogatory limit speculative and that Plaintiff has not shown reasonable grounds to support such a speculative need in this failure to protect case. (*Id.* at 5). Thus, Defendants argue that not only is Plaintiff's speculative need premature, but it is also not proportional to the needs of the case. (*Id.* at 5-6).

Because the Court has no way of viewing Plaintiff's discovery requests, it accepts Defendants' contention that Plaintiff has not yet exceeded the twenty-five-interrogatory limit. (*See* Doc. 84 at 4-5) (listing Plaintiff's discovery requests). The Court agrees with Defendants that Plaintiff's request is premature and thus it will be denied without prejudice to Plaintiff renewing his request if he reaches the twenty-five-interrogatory limit. *See Montar-Morales v. Pickering*, 2021 WL 4851033, at *2 (W.D. Wash. Sept. 13, 2021) ("To date, based on the record before

(noting that the Court "anticipates simultaneously extending the dispositive motions deadline" if the discovery deadline is extended).

the Court, Plaintiff has propounded 23 interrogatories to Defendant Bisson leaving him two more interrogatories available before reaching the 25 interrogatories limit under Fed. R. Civ. P. 33(a)(1). As such, Plaintiff's request for additional interrogatories is premature at this time." (cleaned up)). Because the request is premature, the Court does not reach Defendants' additional argument that Plaintiff's not-yet-served interrogatories are not proportional to the needs of the case.[4]

Accordingly, it is **ORDERED** that:

---

[4] The Court does not reach this argument because the interrogatories are not before the Court and Plaintiff does little to describe what exact information they seek—meaning any ruling on proportionality would be based on an incomplete record. But it bears mentioning that the Court does struggle at this time to see Plaintiff's need for more than twenty-five interrogatories in this relatively straightforward failure to protect case with only three Defendants. *See* Fed. R. Civ. P. 26(b)(1) (allowing discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"); *see also Jet Blast, Inc. v. Blue Lake Serv., LLC*, 348 F.R.D. 706, 712 (N.D. Fla. 2025) (stating that "discovery cannot be used as a fishing expedition"); *Aglogalou v. Dawson*, 2022 WL 125320, at *2 (M.D. Fla. Jan. 13, 2022) ("While discovery is broad, parties may not engage in a fishing expedition to obtain evidence to support their claims or defenses." (cleaned up)). Should Plaintiff need more than twenty-five interrogatories, the Court will address proportionality and other Rule 26 issues at that time.

1. Defendants' motion for extension of time (Doc. 83) is **GRANTED** to the extent that Defendants' substantive response (Doc. 84) is accepted for filing.

2. Plaintiff's "Motion for Extension of Time and Request for Order Granting More than (25) Twenty-Five Interrogatories" (Doc. 81) is **GRANTED in part** and **DENIED in part** as follows:

a. Plaintiff's request to extend the discovery deadline to October 10, 2026, is **DENIED without prejudice** to Plaintiff later renewing his request. The discovery deadline remains **September 16, 2026,** and the dispositive motions deadline remains **October 16, 2026**. (Doc. 76).

b. Plaintiff's request for additional time to respond is **GRANTED** to the extent that Plaintiff's responses to Defendants' July 7-9, 2026 discovery requests are now due **on or before September 16, 2026**. This request is **DENIED without prejudice** to the extent Plaintiff seeks to extend his response deadline into October of 2026.

c. Plaintiff's request to serve more than twenty-five interrogatories on Defendants is **DENIED without prejudice** as premature.

**DONE AND ORDERED** this 28th day of August 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge